IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| **JEREMY COLTON LIGHT,** | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 2:24-00254 |
| **GEORGE TRENT,** | ) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Respondent's Motion to Dismiss (Document No. 7), filed on July 26, 2024. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.)

**FACTUAL BACKGROUND**

**1.     Criminal No. 23-F-33:**

On February 3, 2023, the Grand Jury of Kanawha County, West Virginia, returned an Indictment against Petitioner charging him with one count of felony fleeing while DUI in violation of W. Va. Code § 61-5-17(j) (Count One); two counts of felony fleeing with reckless indifference to the safety of others in violation of W. Va. Code § 61-5-17(f) (Counts Two and Four); one count of felony possession of stolen vehicle in violation of W. Va. Code § 17A-8-5 (Count Three); and one count of the felony offense of a prohibited person carrying a concealed firearm in violation of W. Va. Code § 61-7-7(d) (Count Five). State v. Light, Case No. 23-F-33 (Cir. Ct. Kanawha Co. Aug. 29, 2023); (Document No. 7-2.) On April 17, 2023, Petitioner signed a Plea Agreement and pled guilty to Counts Two, Four and Five. (Document Nos. 7-3, 7-4, 7-5.) In exchange, the State

agreed to not seek to invoke the Recidivist Act as a result of the convictions and dismiss Counts One and Three of the Indictment. (Id.) By Order entered on June 1, 2023, the Circuit Court sentenced Petitioner to consecutive sentences of not less than one nor more than five years of imprisonment for each of the charges of fleeing with reckless indifference to the safety of others (Counts Two and Four) and to a determinate three-year term of imprisonment for the charge of a prohibited person carrying a concealed firearm (Count Five), to run consecutive to the terms of imprisonment for the prior two consecutive sentences. (Document No. 7-6.) By Amended Sentencing Order entered on August 29, 2023, the Circuit Court awarded Petitioner 326 days of credit.[1] (Document No. 7-7.)

On October 20, 2023, Petitioner filed a letter-form Motion for Credit seeking additional credit for time served. (Document No. 7-8.) On November 29, 2023, Petitioner filed a second Motion for Credit seeking credit for time served in jail from November 15, 2019 through August 11, 2020. (Document No. 7-9.) Petitioner argued that his "credit for time served as of 11-16-23 should be 761 days." (Id.) By Order entered on December 6, 2023, the Circuit Court denied Petitioner's above Motions. (Document No. 7-10.) Petitioner filed an "Appeal" in the Circuit Court on December 27, 2023, but Petitioner never filed a Notice of Appeal in the Supreme Court of Appeals of West Virginia ("SCAWV"). (Document No. 1, p. 6 and Document No. 7-11.)

**2.     Section 2254 Petition:**

On May 20, 2024, Petitioner, acting *pro se*[2] and incarcerated at Pruntytown Correctional Center, filed his Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State

---

[1] The Amended Sentencing Order was entered to correct Petitioner's credit for time served. (Document No. 7-7.)

[2] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Custody. (Document No. 1.) In his Petition, Petitioner asserts the following grounds: (1) Incorrect "[a]mount of time served on sentence, credit for time served;" and (2) Ineffective assistance of counsel. (Document No. 1.) Petitioner paid the $5.00 filing fee on the same day. (Document No. 1-1.)

By Order entered on May 21, 2024, the undersigned directed Respondent to file a Response to Petitioner's Petition. (Document No. 5.) On July 26, 2024, Respondent filed his Motion to Dismiss and Memorandum in Support. (Document Nos. 7 and 8.) As Exhibits, Respondent filed the following: (1) A copy of the Docket Sheet for Case No. 23-F-33 (Document No. 7-1); (2) A copy of Petitioner's Indictment as filed in Case No. 23-F-33 (Document No. 7-2); (3) A copy of Petitioner's Plea Agreement as filed in Case No. 23-F-33 (Document No. 7-3); (4) A copy of Petitioner's Guilty Plea as filed in Case No. 23-F-33 (Document No. 7-4); (5) A copy of the Plea Order as filed in Case No. 23-F-33 (Document No. 7-5); (6) A copy of the Sentencing Order as filed in Case No. 23-F-33 (Document No. 7-6); (7) A copy of the Amended Sentencing Order as filed in Case No. 23-F-33 (Document No. 7-7); (8) A copy of Petitioner's letter-form Motion for Credit as filed in Case No. 23-F-33 (Document No. 7-8); (9) A copy of Petitioner's second Motion for Credit as filed in Case No. 23-F-33 (Document No. 7-9); (10) A copy of the Circuit Court's Order denying Petitioner's Motions for Credit as filed in Case No. 23-F-33 (Document No. 7-10); and (11) A copy of Petitioner's Notice of Appeal as filed in the Circuit Court in Case No. 23-F-33 (Document No. 7-11).

On July 29, 2024, Notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of the right to file a response to Respondent's Motion to Dismiss. (Document No. 9.) Petitioner was specifically "advised that a failure to respond to Respondent's Motion may result in a recommendation of denial of the relief sought in the

Petitioner and dismissal of this suit." (Id., p. 2.) Petitioner, however, failed to file any response to Respondent's Motion.

## THE APPLICABLE STANDARD

In Section 2254 proceedings, the familiar standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to motions to dismiss. See Walker v. True, 399 F.3d 315, 319, n. 1. (4th Cir. 2005); also see Rules Governing Section 2254 Cases in the United States District Courts, Rule 12 (The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with the *habeas* rules, may be applied to Section 2254 proceedings). A motion to dismiss a Section 2254 petition under Rule 12(b)(6) "tests the legal sufficiency of the petition, requiring the federal habeas court to 'assume all facts pleaded by the § 2254 petitioner to be true." Walker v. Kelly, , 139 (4th Cir. 2009)(citing Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009). The court, however, is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014)(quoting Blankenship v. Manchin, 471 F.3d 523, 529 (4th Cir. 2006). When assessing whether the Section 2254 petition states a claim for relief, the court must consider "the face of the petition any attached exhibits." Wolfe, 565 F.3d at 169 (internal quotations omitted). The court may also consider such exhibits and matters of public record, such as documents from prior state court proceedings, in conjunction with a Rule 12(b)(6) motion without having to convert the motion to one for summary judgment. Walker, 589 F.3d at 139.

## DISCUSSION

In Respondent's Motion, Respondent argues that Petitioner's Section 2254 Petition should be dismissed based upon Petitioner's failure to exhaust his available State remedies. (Document Nos. 7 and 8.) In support, Respondent notes that Petitioner "concedes that he has filed only three

4

[post-conviction] motions and a notice of appeal in the Circuit Court of Kanawha County." (Document No. 8, p. 5.) Thus, Respondent asserts Petitioner has not exhausted his *habeas* claims because Petitioner has failed to present either of his *habeas* claims to the SCAWV. (Id.) Respondent notes that since the one-year limitation period for filing a Section 2254 Petition has not run, Petitioner's Petition should be dismissed so that he can exhaust his State remedies. (Id., pp. 5 – 6.) As stated above, Petitioner failed to file a Response to Respondent's Motion.

As a prerequisite to filing a Section 2254 Petition, a petitioner must exhaust his state remedies. The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, provides that state prisoners must exhaust available state remedies prior to filing a § 2254 petition in federal court. 28 U.S.C. § 2254(b)(1)(A); see also, McDaniel v. Holland, 631 F.Supp. 1544, 1545 (S.D.W.Va. 1986)("A federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state judicial remedies."). Section 2254(b)(1)'s exhaustion requirement can be satisfied in either one of two ways: (1) the Petitioner can fairly present all claims in state court, or (2) the Petitioner's claims will be deemed exhausted if no state remedies are currently available. See Gray v. Netherland, 518 U.S. 152, 161, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457 (1996). Fair presentation requires the Petitioner to (1) present the same claims (2) to all appropriate state courts. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), *abrogated on other grounds*, United States v. Barnette, 644 F.3d 192 (4th Cir. 2011). Presentation of the same claim "contemplates that 'both the operative facts and the 'controlling legal principles' 'must be presented to the state court." Id. (quoting Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992)(quoting Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). Although it is unnecessary to cite

5

"book and verse on the federal constitution," "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." See Picard, 404 U.S. at 278, 92 S.Ct. at 514; Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982)(internal citations omitted); Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000). The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Matthews, 105 at 911. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 886, 130 L.Ed.2d 865 (1995); see also Baldwin v. Reese, 541 U.S. 27, 32, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004)(stating that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal'"). Petitioner must also provide the state court with the facts supporting the claimed constitutional violation and "explain how those alleged events establish a violation of his constitutional rights." Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). The requirement of presentation of the same claim to all appropriate state courts is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). This requirement is satisfied by presentation to

6

the state's highest court on either direct or collateral review. Id. at 844, 119 S.Ct. at 1732. In West Virginia, prisoners may exhaust their available State court remedies by the following: (1) Stating cognizable federal constitutional claims in a direct appeal to the West Virginia Supreme Court of Appeals; (2) Stating cognizable federal constitutional claims in a petition for a writ of *habeas corpus* in a State circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling to the West Virginia Supreme Court of Appeals; or (3) Filing a petition for writ of *habeas* corpus under the West Virginia Supreme Court's original jurisdiction and receiving a dismissal with prejudice.[3] Moore v. Kirby, 879 F.Supp. 592, 593 (S.D.W.Va. 1995); McDaniel v. Holland, 631 F.Supp. 1544, 1545-46 (S.D.W.Va. 1986).

The undersigned finds that all grounds contained in Petitioner's Section 2254 Petition are unexhausted and there is no allegation or indication that Petitioner should be excused from the exhaustion requirement. Specifically, Petitioner never fairly presented the grounds asserted in his Section 2254 Petition to the SCAWV. First, Petitioner does not dispute that his instant *habeas* claims were not "fairly presented" to the SCAWV on direct appeal. Second, there is no allegation or indication that Petitioner filed an original jurisdiction *habeas* petition that was dismissed *with prejudice* by the SCAWV. Finally, Petitioner has not yet filed a petition for a writ of *habeas corpus* in the State circuit court pursuant to West Virginia Code § 53-4A-1, and followed such by filing a petition for appeal from an adverse ruling to the SCAWV. Thus, the grounds asserted in Petitioner's Section 2254 Petition have not been fairly presented to the SCAWV. The undersigned,

---

[3] An original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the petitioner's state court remedies. *See Moore*, 879 F.Supp. at 593; *McDaniel*, 631 F.Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-09 (4th Cir. 1990)(*abrogated on other grounds, Trest v. Cain*, 522 U.S. 87, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997)).

therefore, respectfully recommends that the District Judge find Petitioner has not yet exhausted his available state court remedies and dismiss without prejudice Petitioner's Section 2254 Petition.[4] See Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)(Generally, a federal district court may not review a Section 2254 petition unless there has been "total exhaustion" of the presented issues.); Preiser v. Rodriguez, 411 U.S. 475, 477, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)(When a petitioner fails to exhaust his state court remedies, a federal *habeas* petition should be dismissed.)

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Respondent's Motion to Dismiss (Document No. 7), **DISMISS without prejudice** Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 1), and remove this matter from the Court's docket.

---

[4] The record does not support a timeliness concern regarding the filing of Petitioner's Section 2254 Petition after Petitioner exhausts his available remedies in State court. Section 2244(d)(1)(A) provides that Section 2254 *habeas* petitions must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner did not file a direct appeal of his conviction in the SCAWV, and therefore, his conviction became final by the expiration of the time for seeking direct review, on December 28, 2023 (four months after Petitioner's Amended Sentencing Order was entered in the Circuit Court of Kanawha County). Thus, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, the one-year statute of limitation began to run on December 29, 2023, and Petitioner has until December 28, 2024, to refile a Section 2254 Petition in the United States District Court *unless* he first seeks post-conviction relief from the State courts. If the limitations period has not expired, the limitations period will be tolled when Petitioner seeks such post-conviction relief from the State courts. Assuming Petitioner acts expeditiously in seeking post-conviction relief from the State courts resulting in the tolling of the limitations period, Petitioner will have approximately two and half months remaining on his limitations period to file a Section 2254 Petition in federal court at the conclusion of his post-conviction proceedings in State court. Petitioner is hereby **NOTIFIED** that the calculations of the statute of limitations set forth in this Proposed Finding and Recommendation are not conclusively correct. It is Petitioner's responsibility to file his petition correctly and timely.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Goodwin, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to send a copy of the same Petitioner, who is acting *pro se*, and to counsel of record.

Dated: October 10, 2024.



Omar J. Aboulhosn
United States Magistrate Judge